# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| TIMOTHY ANDREW BISHOP, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | NO. 3:19-cv-00429 |
| DET. [F/N/U] KINNEY *et al.*, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Timothy Andrew Bishop brings suit under 42 U.S.C. § 1983 for alleged violations of his civil rights. (Doc. No. 1.) For good cause shown, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**. However, for the reasons set forth herein, the Complaint is **DISMISSED**.

## I.     Initial Review

Because Plaintiff proceeds in forma pauperis, the Court is required under 28 U.S.C. § 1915(e)(2) to conduct an initial review of the Complaint and to dismiss it if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010).

A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## II.     Factual Allegations and Claims for Relief

Plaintiff names as defendants Det. Kinney, Youth Services Division; Det. Pryor, Youth Services Division; G. Merkyl (DCFS); and Irene Bean, Nurse Practitioner. (Doc. No. 1 at 2–3.) Plaintiff states that he brings claims under 42 U.S.C. § 1983 based on the violation of his rights under the 14th and 8th Amendments. He states that "[e]ach defendant named herein provided false information, in the false conviction of herein charges." (Doc. No. 1, at 4.) In the space provided on the form complaint for explaining the factual basis for his claims, Plaintiff states:

> Was wrongfully convicted of herein charges, And have since been released from custody, and the case was overturned on 12-16-16, retired for one year on 6-23-17 and dismissed on 6-23-18. Federal violation claim for wrongful conviction & arrest leading to mental suffering and loss of wages.

(Id.) Plaintiff seeks damages in the amount of $3,000,000 for lost wages, mental suffering, defamation, and false imprisonment.

The Complaint itself contains no additional facts in support of Plaintiff's claims. Attached to it, however, are (1) the first pages of two separate Tennessee indictments for child abuse and child neglect dated May 2013 and April 2014 (Doc. No. 1 at 7, 8); and (2) three Amended Judgments issued on June 23, 2017 by the Criminal Court for Davidson County, Tennessee, indicating that the charges referenced therein for child abuse (two counts) and child neglect (one count) were "retired for one year upon remand from CCA." (Id. at 9, 10, 11.) The first page of each of the indictments identifies as witnesses for the State of Tennessee Brent Kenney and John Pryor of the "MPD" (Metro Nashville Police Department), and George Merkel of "DCS" (the Tennessee Department of Children's Services). (Id. at 7, 8.)

In addition, the Court takes judicial notice of a 2016 opinion issued by the Tennessee Court of Criminal Appeals describing Timothy Bishop's conviction on two counts of child abuse and one count of child neglect, the trial testimony that led to his conviction, and the reversal of his conviction as a result of the trial court's erroneous admission of certain evidence. State v. Bishop, No. M2015-00314-CCA-R3-CD, 2016 WL 7324307 (Tenn. Crim. App. Dec. 16, 2016). In the court's description of the evidence presented at trial, George Merkel, Nurse Practitioner Irene Bean, and "Detective Bret Kenney" are all identified as witnesses who testified at trial.

**III.     Analysis**

Plaintiff seeks to bring claims under 42 U.S.C. § 1983 based upon his wrongful conviction, asserting that Defendants provided "false information" that led to the charges against him and his conviction. Based on the scant information provided by Plaintiff and in the public record, the Court can only conclude that the claims are based on each Defendant's having testified falsely before the grand jury or at trial.

It has long been established that witnesses who testify at trial—whether government officials (including police officers) or lay witnesses—are entitled to absolute immunity from suit based on that testimony. Briscoe v. LaHue, 460 U.S. 325, 334–46 (1983). In addition, in Rehberg v. Paulk, the Supreme Court determined that "grand jury witnesses should enjoy the same immunity as witnesses at trial." 566 U.S. 356, 369 (2012). In other words, "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." Id. In reaching that conclusion, the Supreme Court explained that no justification exists to "distinguish law enforcement witnesses from lay witnesses," explicitly rejecting the argument that absolute immunity did not apply to grand jury testimony provided by police officers. Id. at 367.

Because it appears that Plaintiff's claims are based solely on the Defendants allegedly false

3

grand jury or trial testimony, and because Defendants are entitled to absolute immunity for that testimony, the Court concludes that the Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

**IV.  Conclusion and Order**

Plaintiff's application to proceed as a pauper (Doc. No. 2) is **GRANTED**.

The claims against all Defendants are **DISMISSED WITH PREJUDICE** on the grounds that Defendants are immune from suit under 42 U.S.C. § 1983 for testimony given at trial or before a grand jury. The Complaint is **DISMISSED** in its entirety.

Plaintiff's motion to appoint counsel (Doc. No. 3) is **DENIED AS MOOT**.

This is the final order in this action. The Clerk is **DIRECTED** to enter judgment. Fed. R. Civ. P. 58.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE